UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHAWN M. TWITTY,                          )
                                          )
                      Petitioner,         )
                                          )
            v.                            )          No. 2:21-cv-00070-JPH-DLP
                                          )
WARDEN Wabash Valley Correctional Facility,  )
                                          )
                      Respondent.         )

### Order to Show Cause

In 1995, Shawn Twitty was convicted in Indiana state court of three counts of attempted murder and one count of carrying a handgun without a license in state court cause number 49G06-9503-CF-33600. On January 29, 2021, he filed a document captioned as a petition for a writ of mandamus, *see* 28 U.S.C. § 1651(a), challenging his 1995 state convictions. Dkt. 1. Because the purported mandamus petition is in substance a § 2254 petition for a writ of habeas corpus, the Court notifies Mr. Twitty of its intention to treat the petition as one brought under § 2254. And because the petition has been filed over fifteen years after the conclusion of Mr. Twitty's state post-conviction proceedings, Mr. Twitty is ordered to show cause why his petition should not be dismissed as time-barred.

### I.     Filing Fee

Mr. Twitty shall have through **March 9, 2021**, to pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

### II.     Nature of Petition

"[28 U.S.C. §] 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the

1

length of his custody." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002); *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

Mr. Twitty's petition seeks to reduce his 90-year sentence imposed following his 1995 convictions. *See* dkt. 1 at 1 ("Petitioner . . . respectfully files his petition for mandamus . . . to request this Court exercise its jurisdictional authority to review a manifest error of law with regard to the Petitioner's conviction."); *id.* at 6−11 (in the "CLAIM FOR REVIEW" section, arguing that Mr. Twitty's consecutive sentences violate Indiana law). And the substance of a filing, not its caption, controls how the Court will assess it. *See*, *e.g.*, *United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir. 2005) (noting that regardless of the name of a filing, "[i]t is the substance that controls").

The Court therefore intends to construe Mr. Twitty's petition as a petition for a writ of habeas corpus. However, the Court will not automatically recharacterize the petition as being brought under § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file, and recharacterizing the petition may make it significantly more difficult for a litigant to file another petition. *Castro v. United States*, 540 U.S. 375, 382 (2003) (requiring district court to warn "pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw and amend the motion"). Accordingly, Mr. Twitty shall have **through March 9, 2021,** to withdraw the petition or amend it to include all § 2254 claims he believes he has.

### III.    Timeliness of Petition

Assuming Mr. Twitty does not choose to withdraw his petition, he must contend with another barrier: the petition's timeliness.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

It appears from the petition that Mr. Twitty's one-year limitations period has expired. On November 9, 1998, Mr. Twitty filed a petition for post-conviction relief in state court. *Twitty v. State*, 19A-CR-500, 2019 WL 5948446, *1 (Ind. Ct. App. Nov. 13, 2019). The trial court denied his petition, and the Indiana Court of Appeal affirmed on September 13, 2005. *Id.* According to the appellate docket for state cause number 49A02-0503-PC-00199, available on mycase.in.gov, Mr. Twitty's petition to transfer was denied by the Indiana Supreme Court on November 1, 2005.

3

On January 28, 2019, Mr. Twitty filed a motion to correct erroneous sentence. *Twitty*, 2019 WL 5948446, at *1. His motion was denied, and on appeal, the Indiana Court of Appeals held his motion was barred by res judicata. *Id.* at *4. This collateral attack on his sentence did not restart the clock under AEDPA. *See De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under §2254(d)(2), of time that passed before the state collateral proceeding began.").

Mr. Twitty shall have **through March 9, 2021**, in which to show cause why his petition should not be dismissed as time-barred.

### IV.     Conclusion

Having notified Mr. Twitty that his petition for a writ of mandamus shall be treated by the Court as a petition for habeas corpus under §2254, Mr. Twitty shall have **through March 9, 2021**, to 1) pay the $5.00 filing fee or demonstrate his inability to do so; 2) move to withdraw his petition or amend it to include all possible claims he wishes to purse; and 3) show cause why his petition should not be dismissed as time-barred.

The **clerk is directed** to send Mr. Twitty a copy of the 28 U.S.C. § 2254 habeas corpus petition form with his copy of this Order.

**SO ORDERED.**

Date: 2/2/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

SHAWN M. TWITTY
955613
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838