UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN M. TWITTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00070-JPH-MG |
| ) | |
| WARDEN Wabash Valley Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus**

In 1995, Shawn Twitty was convicted in Indiana state court of three counts of attempted murder and one count of carrying a handgun without a license. On January 29, 2021, he filed a document captioned as a petition for a writ of mandamus, *see* 28 U.S.C. § 1651(a), challenging these convictions. Dkt. 1. Because the purported mandamus petition is in substance a § 2254 petition for a writ of habeas corpus, the Court advised Mr. Twitty of its intention to treat the petition as one brought under § 2254 and ordered him to show cause why the petition should not be dismissed as time-barred. Dkt. 3. Mr. Twitty responded to the show cause order, and the Court finds his petition must be dismissed.

Mr. Twitty's petition attacks the imposition of consecutive sentences, arguing that the trial court lacked statutory authority to do so. Dkt. 1 at 4. The Indiana Court of Appeals has rejected this argument several times. *Twitty v. State*, No. 19A-CR-500, 2019 WL 5948446, at *1 (Nov. 13, 2019).

"[28 U.S.C. §] 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002); *see also In re Propst*,

5 F. App'x 155 (4th Cir. 2001) (noting 28 U.S.C. § 2254, rather than writ of mandamus, is proper vehicle for attacking state conviction in federal court). Mr. Twitty has not shown why his claims, regardless of what title he has chosen for his filing, are not subject to the "exclusive federal remedy" created by Section 2254.

In response to the Court's order to show cause, Mr. Twitty insists that he intended to present a petition for a writ of mandamus under 28 U.S.C. § 1651(a) rather than a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 5. Mr. Twitty argues that he was not trying to challenge his 1995 convictions but "[r]ather, Twitty was challenging the State appellate courts' decision to deny him relief on a challenge to his erroneous sentence claim." *Id.* at 1.

Mr. Twitty cannot bring his claim via a writ of mandamus because this Court lacks jurisdiction to issue a writ of mandamus to a state court. *See Robinson v. Winslow*, 88 F. App'x 93, 96 (7th Cir. 2004) ("[A] federal court does not have the general jurisdiction to direct a state court in the performance of its duties where a writ of mandamus is the only relief sought."); *In re Mangino*, 201 F. App'x 888, 889 (3rd Cir. 2006) (citing cases); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"). Accordingly, Mr. Twitty's petition must be dismissed for **lack of jurisdiction**. This dismissal does not preclude Mr. Twitty from filing a habeas petition under 28 U.S.C. § 2254.

Mr. Twitty's petition for writ of mandamus is **dismissed without prejudice** for lack of jurisdiction. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 8/24/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN M. TWITTY
955613
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838